JEROME v. HAWLEY et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. NEGLIGENCE (§ 93*)—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE—GUEST.
   Defendant H. having accepted an invitation of his codefendant, W., to take an automobile drive, and the automobile becoming disabled, H. was offered assistance by P., driving another automobile. H. procured a rope, with which the two machines were connected, and in this way the disabled machine was towed back to the city. W. rode in the disabled machine, while H. rode as the guest of P.; and while P.'s machine was going from one side of the street to the other, plaintiff, riding a bicycle, was struck by the rope and injured. *Held* that, since H. at the time of the accident was the mere guest of P., without any control over his actions, the latter's negligence was not imputable to him.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 147–150; Dec. Dig. § 93.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—INJURIES—PROXIMATE CAUSE.
   The negligence of the driver of the disabled car in omitting promptly to follow straight behind the leading machine was an intervening cause, so that any negligence of defendant H., in procuring the rope and in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

manner in which the cars were connected, was not the proximate cause of the accident.

[™᷄ Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Betts, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Joseph Jerome, an infant, by Arthur Jerome, his guardian ad litem, against Peter L. Hawley and another. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, defendant Hawley appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Robert W. Fisher, for appellant.
Walter H. Wertime, for respondent.

SEWELL, J. The action was brought to recover damages for personal injuries. At about 6 o'clock in the afternoon of May 7, 1910, the appellant, having accepted the invitation of one Porter H. Wager, was riding with him and others in his automobile. They had gone about three miles from Cohoes, when the machine became disabled. Adam Peets, who was proceeding in the opposite direction in his automobile, offered to assist them. The appellant procured a rope 50 feet long, with which the two machines were connected, and in this way the disabled machine was towed back to Cohoes, 40 or 50 feet in the rear of the other. Wager and one of his party rode in his machine, while the rest of his party including the appellant, rode with Peets. The evidence on the part of the plaintiff tended to show that they started down Columbia street on the left-hand side; that they soon turned to the right-hand side and after going a short distance—

"the first one shoots to the left again, and left the other on the right side. * * * The rope was crossing over Columbia street, slantways on Columbia street. The rope was tied on each one of the automobiles. The rope struck the bicycle. That knocked the bicycle down, and he fell to the ground."

The plaintiff testified that he was going down the track on Columbia street, in the same direction as the automobile—

"and somebody hollered to look out for an automobile, and I got out of the way. The first automobile went by, and when I turned my bicycle half way I got hit by something and went down on the ground. * * * After I fell, somebody picked me up, and I noticed the automobile back. There was an automobile about five or six feet behind me."

The court charged the jury that there was no dispute in the testimony that the lamps upon the machine were not lighted, and left it to them to say whether the defendants, in the exercise of reasonable care, ought to have had the lamps lighted, and whether any signal ought to have been given, under the circumstances of the case, by the parties operating the machine and whether any signal was given.

[1] The theory upon which the action was tried and submitted to the jury was that the appellant was liable to the plaintiff, not only for the negligence of the owner of the car in which he was a passenger,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but for the negligence of the owner and driver of the car in tow. I know of no principle upon which the appellant can be held liable under the circumstances surrounding the driving of the cars on this occasion. The uncontroverted facts show that the appellant did not employ, pay, direct, or control the driver of either car in any way. His only connection with the accident was the fact that he was a passenger, and procured the rope and assisted in tying it to the cars. It is also to be observed that, independent of the fact that the driver of the car, in which the appellant was riding as his guest, was not under the direction or control of the appellant, so that his negligence, if there was any, cannot be imputed to the appellant, we have the undisputed fact that the negligence of this driver in operating his car was not the cause of the accident. His car was seen by the plaintiff, and had passed him when the accident occurred.

[2] If it be assumed, for the purposes of the argument, that the defendant was negligent in procuring the rope, and is chargeable for the manner in which the cars were connected, it is clear that this negligence was not the proximate cause of the accident. The negligence of Wager, the driver of the car in tow, was an intervening and the responsible cause of the accident. It was his omission to recross the street and to follow straight behind the other car. Neither the defendant nor the driver of the forward car was bound to anticipate that he would continue in the same direction and thereby cause the rope to sweep the street, without which the accident would not have happened. In this respect this case is not distinguishable on principle from Leeds v. New York Telephone Company, 178 N. Y. 118, 70 N. E. 219, where an intervening force came in upon the existing situation and produced the plaintiff's injuries.

It follows, therefore, that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

SMITH, P. J., and HOUGHTON, J., concur.

JOHN M. KELLOGG, J. (concurring in result). The jury was justified in finding that the primary cause of the accident was the negligent act of the defendant in tying the trailing automobile to the other, which was 50 feet ahead of it, and that this negligent manner of drawing the automobile called upon him to observe the people in the highway and use care to prevent their falling into the trap which he had set. It was evident that, if the forward automobile started from one side of the road to the other, the trailer would not at all times be upon the same side of the road with it, but that the two at some time, with the connecting rope, would obstruct the greater part of the highway. The chauffeur in the trailing automobile could not prevent it from following the other at a distance of 50 feet in a diagonal manner across the road.

While I think the liability of the defendant was a fair question for the jury, it is apparent that he was prejudiced by the refusal of the court to charge, as requested:

"That if the jury find that the sun did not set on the day in question until 2 minutes past 7, that under the statutes the defendants were not required to place lights upon their machines until 2 minutes past 8."

I therefore vote for a reversal of the judgment and order.

BETTS, J. (dissenting). The facts as claimed by the plaintiff in this case can be stated in a nutshell. From the evidence given to the jury, the jury might have found: That the defendant Hawley, a farmer and live stock speculator of the town of Stillwater, after the accident to Wager's automobile, which had severed the relations of the defendants, Wager and Hawley, as host and guest, so that Hawley ceased to be Wager's guest, secured the services of Mr. Peets, of Colonie, a butcher, to tow the injured automobile and take the entire party back to Cohoes; that Hawley secured a long rope, and paid for it; and tied or helped tie the two automobiles together, tying them in such a way that they were some 50 or 60 feet apart; that Hawley and his wife, with others, got in Mr. Peets' auto, and the defendant Wager remained in his, and that Hawley was on the front seat in the front auto in charge of the two autos, having secured Peets' auto, and that while passing up Columbia street, with a rope sweeping the full width of it, the autos traveling 5 or 6 miles an hour, or pretty fast, the procession was the length of both autos and 50 or 60 feet of rope; that it was dark, and neither auto was lighted, one on right side of street and the other on the wrong side; that no horn was sounded on either automobile; that plaintiff came into the street on his bicycle; and traveled in the same direction as the two autos were going, saw head auto and escaped it, did not see the rope, and was caught and thrown and injured by it; that head car was dragging rope along street, and dragging the rear car; that Peets offered his services to Hawley, and they were accepted by Hawley, so that Hawley became the host and Wager the guest at time of accident and injury to plaintiff.

Under such testimony it was in my opinion a proper case for a jury as to whether Hawley was in command and control of party that propelled or dragged invisible rope and rear auto along and across street or not, and if he was in command and control, and doing a negligent act in going along with such a procession at night without the lights of either automobile being lighted, both connected by 50 or 60 feet of invisible rope, and no horns sounded, and sweeping the entire width of street, and that negligence injured plaintiff; and as plaintiff was not guilty of contributory negligence as matter of law, I think that the verdict of the jury should not be disturbed, and the judgment should be affirmed.