KENNETH N. DEVITT, Respondent, *v.* CONTINENTAL CASUALTY COMPANY, Appellant.

(Argued December 10, 1935; decided January 14, 1936.)

*William F. Quinn* and *Grove L. Higgins* for appellant. The right of a judgment creditor to recover in an action brought under section 109 of the Insurance Law (Cons. Laws, ch. 28) is no greater than the insured's right to recover on the policy where he has paid the judgment and is seeking indemnity from the insurance company. (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Seltzer* v. *Indemnity Ins. Co.*, 252 N. Y. 330; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Rushing* v. *Commercial Casualty Co.*, 251 N. Y. 302; *Rosenberg* v. *Ocean Accident & Guarantee Corp.*, 251 N. Y. 563; *Fox* v. *Employers' Liability Assur. Corp.*, 243 App. Div. 325; 267 N. Y. 609.) The Appellate Division erred in reading coverage into the contract of insurance and in its interpretation of the effect of section 109 of the Insurance Law. (*Daly* v. *Haight*, 170 App. Div. 469; 224 N. Y. 726; *People* v. *City of Buffalo*, 175 App. Div. 218; 220 N. Y. 715; *Crooks* v. *Harrelson*, 51 Sup. Ct. Rep. 49; *Rohan* v. *Hartford Accident & Indemnity Co.*, 266 N. Y. 545.) By permitting his fourteen-year, six months, old son illegally to operate his motor vehicle, the assured violated the specific provisions of his liability insurance contract with the appellant, and no legal liability is imposed upon the appellant in this action. (*S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.*, 255 N. Y. 69; *Rohan* v. *Hartford Accident & Indemnity Co.*, 266 N. Y. 545; *Weiss* v. *Preferred Accident Ins. Co.*, 241 App. Div. 545; *Letson* v. *Sun Indemnity Ins. Co.*, 147 Misc. Rep. 690; 241 App. Div. 629; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *U. S. F. & G. Co.* v. *Guenther*, 281 U. S. 34; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399.) The liability of the appellant, if any, must be determined by the provisions

and conditions of its policy contract with the insured. Respondent cannot establish a cause of action solely upon the liability of the insured to the injured creditor. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281.)

*Louis A. Garbarini* and *Joseph F. Hanley* for National Bureau of Casualty and Surety Underwriters, *amicus curiæ*. The legislative intent in enacting section 109 of the Insurance Law and section 59 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) was not to read into " voluntary " policies, compulsory insurance. The assured in permitting his son, a minor under the age limit fixed by law, to operate illegally the motor vehicle covered in the policy, breached the policy and is, therefore, afforded no coverage. The [judgment creditor has no greater rights than the insured has under the policy. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Rohan* v. *Hartford Accident & Indemnity Co.*, 266 N. Y. 545; *Letson* v. *Sun Indemnity Co.*, 241 App. Div. 629; *Dileo* v. *Eagle Indemnity Co.*, 263 N. Y. 646; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271.) The operation of the car by the owner's son without a license or permit was not a legal use or operation under section 109 of the Insurance Law. (*Floyd* v. *Consolidated Indemnity & Ins. Co.*, 237 App. Div. 190; *Cohen* v. *Metropolitan Casualty Ins. Co.*, 233 App. Div. 340.) The restrictions on coverage, limited by the conditions of the policy, are neither illegal nor violative of either section 59 of the Vehicle and Traffic Law or section 109 of the Insurance Law. (*Plaumbo* v. *Ryan*, 213 App. Div. 517; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *S. & E. Motor Hire Corp.* v. *New York Indemnity Co.*, 255 N. Y. 69; *Rohan* v. *Hartford Accident Co.*, 266 N. Y. 545; *Letson* v. *Sun Indemnity Co.*, 241 App. Div. 629; *Taylor* v. *United States Casualty Co.*, 281 N. Y. Supp. 705; *Delio* v. *Eagle Indemnity Co.*, 263 N. Y. 646; *Lavine*

v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Weiss* v. *Preferred Accident Ins. Co.*, 241 App. Div. 545.)

*Frank Gibbons* and *E. C. Markel* for General Accident, Fire and Life Assurance Corporation, Ltd., of Perth, Scotland, *amicus curiæ*. Violation of the exception of the policy is available to the defendant as a defense. (*Letson* v. *Sun Ind. Co.*, 147 Misc. Rep. 690; 241 App. Div. 629; *Taylor* v. *United States Casualty Co.*, 281 N. Y. Supp. 361.) The appellant did not violate the provisions of section 109 of the Insurance Law when it included the condition in its policy. (*Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150.)

*Albert F. Devitt* for respondent. An insurance company which issues a liability policy within the State of New York must comply with section 109 of the Insurance Law. It cannot avoid or vitiate the provisions of this section by any stipulation in the policy. The insurer cannot exclude from its coverage even an unlawful act if such exclusion violates the provisions of section 109 of the Insurance Law. This law was made for the protection of the injured person. (*Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150; *Gochee* v. *Wagner*, 257 N. Y. 344; *Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7; *Grant* v. *Knepper*, 245 N. Y. 158; *Arcara* v. *Moresse*, 258 N. Y. 211; *Simons* v. *Monier*, 29 Barb. 419; *Witherstine* v. *Employers Liability Assur. Corp.*, 235 N. Y. 168.) " Legally using or operating " an automobile with the permission of the owner refers to the relationship existing between the owner and the driver. (*Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150; *Travelers Ins. Co.* v. *Russo*, 155 Misc. Rep. 589; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161.) The policy covers use as well as operation and the appellant is liable by the express terms of its policy. (*Grant* v. *Knepper*, 245 N. Y. 158; *Arcara* v. *Moresse*, 258 N. Y. 211; *Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7.)

HUBBS, J. Respondent was injured in an automobile accident by being struck by a car owned by one Joseph H. Bennett. At the time of the accident the owner was seated on the front seat on the right-hand side of his car which was being driven by his son, Bertram Bennett, a boy fourteen years and six months of age. Joseph H. Bennett, the owner, was insured under a liability policy issued by appellant which contained the following clauses:

" This insurance is subject to the following conditions, and failure on the part of the assured to comply therewith or with the provisions of any endorsement attached to this policy shall forfeit the right of the assured or of any judgment creditor of said assured to recover hereunder * * *.

" 2. Exceptions. The assured will not * * * permit any ' * * * motor vehicle [covered hereby] to be operated (a) by any person under the age limit fixed by law or under the age of fourteen in any event, or who for any reason is not permitted by the laws of the State of New York to operate or drive motor vehicles * * *."

Respondent sued Joseph H. Bennett, the owner, and recovered a judgment. The appellant insurance company disclaimed liability under its policy on the ground that the car was being operated by a person under the age fixed by law and did not take part in the defense of the action. An execution on the judgment against Bennett, the owner, having been returned unsatisfied, respondent brought this action to recover of appellant under its policy issued to Bennett. A jury was waived, the facts stipulated, and the trial court rendered a verdict of no cause of action. Respondent appealed to the Appellate Division which reversed by a divided court and judgment was ordered in favor of respondent.

The Appellate Division, in reversing, decided that the appellant, by virtue of section 109 of the Insurance Law (Cons. Laws, ch. 28), is liable under the policy for the acts of the driver, even though such driver while operating

the car was under sixteen years of age, was violating the law and guilty of a crime.

By section 109 of the Insurance Law every policy of automobile liability insurance is required to be construed as insuring the owner " against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." In interpreting that section we have decided that an injured third party has, by virtue thereof, no greater rights against an insurer than are possessed by the insured.

" The effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater." (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 275.)

In *Taylor* v. *United States Casualty Co.* (269 N. Y. 360), decided at the present term, we dealt with the question of the proper interpretation of a policy clause providing against liability while the car was being operated by a person " under the age fixed by law " where the car at the time of the accident was being operated by a boy under eighteen years of age but holding a junior operator's license for which the legal age limit was sixteen years. We there held the insurer liable to injured third parties, although the operator at the time of the accident was violating the terms of his license, but the question presented in that case was one of policy coverage, and under the facts the insurer would have been liable to the insured.

We have already indirectly passed upon the question here involved and in effect have held the insurer not liable where the terms of the policy excluded liability

while the car was being operated by a boy under the age of sixteen years. (*Rohan* v. *Hartford Accident & Indemnity Co.*, 266 N. Y. 545.)

Section 109 of the Insurance Law, as we have repeatedly held, does not prevent a limitation of coverage. As said in *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137, 143): " A reasonable construction of the provision in question is that the policy must be read as if it contained an extended liability clause, but that it may be limited in amount and coverage as the parties may agree." As to provisions which are illegal see *Bakker* v. *Ætna Life Ins. Co.* (264 N. Y. 150).

In the case at bar the coverage was limited by the provision for exclusion from liability while the car was being operated by any person " under the age limit fixed by law." The operator being under such age, the policy did not cover and the insurer did not agree to indemnify the owner against liability for injuries to persons occurring while the car was being operated by such a person, and by issuing a policy containing that clause it did not incur liability to third persons injured while the car was being so operated. By that clause in the policy that risk was excluded from coverage. (*Draper* v. *Oswego County Fire Relief Assn.*, 190 N. Y. 12, 17.) Section 109 of the Insurance Law does not have the effect of extending the liability of the insurer to cover such operation of the car so as to permit a recovery by injured third persons where the policy excludes liability to the owner.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.