John Piscina, Aldo Piscina and John Venezia, individually, etc., defendants in a negligence action, cross-complain against their insurer on the ground that the latter issued to them a policy insuring them against loss for the damage alleged by plaintiff. On appeal by the third-party defendant from an order granting third-party plaintiffs’ motion to strike out its affirmative defense as insufficient, the order is affirmed, with $10 costs and disbursements to the third-party plaintiffs. The second sentence in section 59-a of the Vehicle and Traffic Law is of general application and requires, in effect, in conjunction with the third sentence in that statute, that insurance issued to an owner of a tractor shall contain a provision for security against the liability of such owner, irrespective of ownership of the trailer, because both tractor and trailer constitute “ one vehicle” for the purposes of this section. Carswell, Sneed, Wenzel and MaeCrate, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: The third-party complaint in this action does not allege facts which would require third-party plaintiffs-respondents to carry insurance against liability for injury or damage caused by the operation of the motor vehicles which they owned and operated. The defense which was struck out alleged that *1015 a policy of insurance issued by appellant contained a provision excluding coverage of the tractor owned by third-party plaintiffs-respondents if it should be used to tow a trailer, owned or hired by the insured, and not covered by like insurance in the appellant company. It was further alleged that at the time of the accident referred to in the pleadings, third-party plaintiffs-respondents’ tractor was towing a trailer not covered by such insurance. I am unable to find in section 59-a of the Vehicle and Traffic Law any mandate that coverage may not be so limited. In the absence of a statutory requirement to the contrary, a policy of liability insurance may be limited in coverage as the parties may agree. (Brustein v. New Amsterdam Cas. Co., 255 N. Y. 137; Devitt v. Continental Cas. Co., 269 N. Y. 474.) [See post, p. 1126.]