Foster, J.
(dissenting). This is an appeal from a summary judgment in favor of the plaintiff approximating the sum of $125,000. The action is one by a judgment creditor under section 167 of the Insurance Law to compel an insurer to pay a judgment, recovered in a negligence action, to the extent of the insurer’s coverage under an automobile liability policy. The insurer refused to defend and judgment was taken against the judgment debtor.
The judgment debtor is a girl who was 16 years of age at the time the accident happened. She had a learner’s permit to operate a motor vehicle but not a regular license. On the day of the accident she stole a car, which bore an Ohio license plate, from where it was parked on a public street in the City of Mount Vernon, and drove it away. When she was pursued by the police she drove the stolen car at a speed of 90 miles an hour, or more, and negligently crashed into the rear of another car, fatally injuring its occupant who was the testate of the plaintiff in this action.
The insurance policy in question was procured by the mother of the judgment debtor, with whom the latter resided, and contained these provisions under the heading “ Persons Insured
“ (a) With respect to the owned automobile, (1) the named insured and any resident of the same household, (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
“ (b) With respect to a non-owned automobile, (1) the named insured, (2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative ’ ’.
Liability in the case has been predicated upon clause (2) of paragraph (b). In other words it has been determined that the judgment debtor was covered while operating a stolen vehicle because she was a relative and driving a private passenger car not regularly furnished for her use. I am constrained to disagree with this interpretation. A policy of liability insurance is a contract and the intent of the parties thereto is an element always to be considered unless some statutory requirement must be read into the context. No statutory requirement of context is involved here. The intent of the parties, therefore, must be found not only in the language used in the policy but also in *453 the normal implications that flow therefrom. I find it quite impossible to believe it was the intent of the parties that the policy would cover the operation of a stolen car. The phrase most apposite to the phrase “ not regularly furnished”, and one that would commonly come to mind, is “ occasionally furnished ”. To adopt such a construction is not writing anything new in the policy. It is simply adopting the most natural implication that arises from the key word ‘ ‘ furnished ’ ’, and carries with it the idea of use with permission, express or implied. A stolen car is never 1 ‘ furnished ’ ’, and of course not operated with permission express or implied.
Research has disclosed no case precisely in point, probably for the simple reason that even in this age of insurance no one has conceived of a policy insuring against the operation of a stolen car where the operator was the thief. Messersmith v. American Fid. Co. (232 N. Y. 161) has been cited as an authority to support the judgment but that case did not reach the issue presented here. There, the car was operated by an unlicensed operator at the express invitation of the owner, and all the case held was that coverage existed irrespective of any violation of the law by the driver. Larceny was not involved in any degree, in fact it was implicit in the decision that the car was being operated with the consent of the owner.
Let us assume that the judgment debtor in this case paid the judgment and then sued the insurer. She would then be seeking indemnification for damages arising in part at least from her own theft. It is inconceivable to me that the law would condone such an action. Attention is drawn to the plight of the judgment creditor but his rights are no greater than those of the judgment debtor. If she could not recover against the insurer the judgment creditor may not (Devitt v. Continental Cas. Co., 269 N. Y. 474; Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271). When this principle is considered, the erroneous basis of the judgment appealed from becomes even more apparent.
The judgment should be reversed and the complaint dismissed.
Chief Judge Desmond and Judges Dye and Burke concur with Judge Froessel ; Judge Foster dissents in an opinion in which Judges Fuld and Van Voorhis concur.
Judgment affirmed.