■ ARTHUR FALLER et al., Appellants, v. A. DRIVE AUTO LEASING SYSTEM et al., Respondents, et al., Defendant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a negligence action to recover damages for personal injuries sustained by plaintiff Arthur Faller and for his wife's loss of his services, etc., the appeals are by plaintiffs and by Motor Vehicle Accident Indemnification Corporation (as limited by its brief) from so much of a judgment of the Supreme Court, Kings County, entered December 13, 1972, as, upon the trial court's decision setting aside a jury verdict insofar as it was in favor of plaintiffs and against defendants A. Drive Auto Leasing System, Marvin Barkoff and Steven Barkoff on the issue of liability only, and dismissing the complaint as to said defendants, is in favor of said defendants against plaintiffs. Judgment reversed insofar as appealed from, with costs jointly to appellants appearing separately and filing separate briefs against respondents jointly; jury verdict as to respondents, A. Drive Auto Leasing System, Marvin Barkoff and Steven Barkoff reinstated; and, as to said respondents, action severed and new trial granted on the issue of damages only. It was established at the liability trial that plaintiff Arthur Faller was struck by an automobile owned by defendant A. Drive Auto Leasing System and leased under a long-term lease agreement to defendant Marvin Barkoff; that the automobile was in the possession of the unlicensed infant defendant Steven Barkoff; that during a short period of time prior to the accident Steven and his infant friend, defendant Francis Long, had consumed a pint of vodka; that the automobile was then driven alternately by the two boys; that Francis also was an unlicensed driver; and that at the time of the accident Francis was operating the automobile and Steven was a passenger. From the testimony the jury could find that Marvin Barkoff had given his son Steven permission to operate the vehicle and that Steven was within the vehicle as a passenger when the accident occurred. Thus, the evidence amply supported the liability verdict against Marvin Barkoff because of his possessory interest in the automobile and the permissive use of it by Francis, with Steven present (*Arcara* v. *Moresse*, 258 N. Y. 211; *Grant* v. *Knepper*, 245 N. Y. 158; *Williams* v. *Monk*, 33 A D 2d 699). Similarly, the evidence supported the verdict against Steven, who, while intoxicated, drove the automobile and then quite willingly allowed Francis, also intoxicated, to drive. The negligence which caused the accident was as much that of Steven as of Francis (see *Grant* v. *Knepper, supra*). A. Drive Auto Leasing System argued that it was free from liability because the leasing agreement had forbidden operation of the vehicle by

drivers under 25 years of age. The argument lacks merit (*MVAIC* v. *Continental Nat. Amer. Group Co.*, 35 N Y 2d 260). Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.