ROBERT E. BENNETT, Individually and as Father and Natural Guardian of CYNTHIA M. BENNETT, an Infant, Appellant, v EDWARD J. GEBLEIN, Respondent, et al., Defendants.

Fourth Department, November 16, 1979

## APPEARANCES OF COUNSEL

*Tenney, Smith & Scott (J. Michael Hayes* of counsel), for appellant.

*Wilkin, Good, Lopat & Beyer (Richard B. Good* of counsel), for respondent.

## OPINION OF THE COURT

MOULE, J.

On August 27, 1977 a truck owned by defendant Emily N. Geblein and driven by defendant Kwiatkowski went out of control, swerved off of the road and struck the infant plaintiff as she stood on the lawn in front of her house. Plaintiffs commenced actions against Emily and Edward Geblein as owners of the truck, Kwiatkowski as driver of the truck, and Guenther, doing business as Bedell House Annex, a tavern where Kwiatkowski and Edward Geblein had been prior to the accident. Plaintiffs conducted examinations before trial of defendants Kwiatkowski and Emily and Edward Geblein at which they testified that at 5:00 P.M. on the evening of the accident Kwiatkowski and Edward Geblein had taken the truck, Kwiatkowski driving, to the Bedell House; they had drunk a pitcher of beer between them, then left for home an hour later, Kwiatkowski again driving. As Kwiatkowski at-

tempted to pass another vehicle, he lost control of the truck which swerved up onto a lawn and struck the infant plaintiff. Kwiatkowski subsequently pleaded guilty to driving while his ability was impaired by the use of alcohol. At the examinations before trial it also became clear that Emily Geblein was the sole owner of the truck.

Defendant Edward Geblein moved to dismiss the complaint against him on the grounds that he was neither the owner nor the driver of the truck. Plaintiffs cross-moved for permission to serve an amended complaint containing a cause of action alleging negligent entrustment against Edward Geblein or for an order continuing the motions or dismissing them without prejudice pending further discovery. Special Term granted defendant Edward Geblein's motion and denied plaintiffs' motion.

The question here is whether there is a cause of action for negligent entrustment and whether plaintiffs should be permitted to amend their complaint to allege it.

■ Generally, a person in an auto is not liable for injuries resulting from its negligent operation if he was neither the owner nor the operator of the vehicle *(Dowler v Johnson,* 225 NY 39; *Jerome v Hawley,* 147 App Div 475). However, a person other than the owner may be held liable under a theory of negligent entrustment if he had control over the vehicle and if he was negligent in entrusting it to one who he knew, or in the exercise of ordinary care should have known, was incompetent to operate it (see Liability Based on Entrusting Automobile to One Who is Intoxicated or Known to be Excessive User of Intoxicants, Ann. 19 ALR3d 1175). New York case law concerning negligent entrustment is sparse inasmuch as section 388 of the Vehicle and Traffic Law makes the owner of an auto automatically liable for damages resulting from the operation or use of such vehicle by any person with the owner's express or implied permission. There are, however, cases which hold that an owner is liable regardless of the statute if he negligently permits an incompetent person to drive his auto *(Hogan v Comac Sales,* 245 App Div 216, affd 271 NY 562; *Devitt v Continental Cas. Co.,* 245 App Div 115, revd on other grounds 269 NY 474), and in one case, recovery was allowed in circumstances constituting negligent entrustment though not denominated as such *(Faller v A. Drive Auto Leasing System,* 47 AD2d 530). In *Faller,* the plaintiff was struck by an auto leased under long-term lease to a man who

loaned it to his son who, in turn, loaned it to a drunken, unlicensed companion who was involved in an accident. The court reinstated verdicts for the plaintiff against the leasing company, the father and the son, noting, in regard to the latter, that he had his father's permission to drive the auto and that his permitting the intoxicated companion to drive was as much a cause of the accident as the driver's negligence. In addition, in *Dowler v Johnson* (225 NY 39, *supra)*, the Court of Appeals held that a fire commissioner could be liable for damages caused by a fire department auto in which he was a passenger and whose driver he encouraged to speed, although they were not on emergency business. The court stated that, although the driver and fire commissioner were not in a position of master and servant, the commissioner exercised sufficient control over the driver to be held negligent.

To state a cause of action against Edward Geblein for negligent entrustment, plaintiffs must allege that Edward Geblein had control over the truck and was negligent in entrusting it to one he knew, or in the exercise of ordinary care should have known, was incompetent to operate it.

The testimony of Edward Geblein and Kwiatkowski at their examinations before trial concerning their consumption of a pitcher of beer prior to their driving home is sufficient to raise issues of fact concerning Kwiatkowski's competence as a driver and whether Edward Geblein knew or should have known that Kwiatkowski was intoxicated.

Defendant asserts that inasmuch as Emily Geblein, the owner of the truck, testified during her examination before trial that Kwiatkowski was driving the truck with her consent, there can be no cause of action for negligent entrustment by Edward Geblein. However, the testimony at the examination before trial is sufficient to raise an issue of fact concerning whether Emily Geblein actually gave her consent to Kwiatkowski. Her testimony was as follows:

"Q. Was Mr. Geblein using that truck that day with your permission and consent?

"A. Yes.

"Q. Did you see Mr. Kwiatkowski and your husband leave that day?

"A. Yes. * * *

"Q. And did you have any objection at that time to Mr. Kwiatkowski driving that truck?

"A. No, sir.

"Q. Was he driving it with your consent also?

"A. Right."

In addition, Edward Geblein testified that the truck was available for his use at any time and that, as they drove home from the Bedell House, Kwiatkowski was driving with his permission and consent. On these facts, there is an issue of fact concerning whether Edward Geblein had control over the truck and entrusted it to Kwiatkowski.

■ ■ Where a plaintiff's submissions make out a cause of action not specifically pleaded in the complaint, leave to amend should be granted and summary judgment dismissing the complaint should be denied *(Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Accordingly, inasmuch as plaintiffs' amended complaint states a cause of action against Edward Geblein for negligent entrustment, Special Term's order dismissing the complaint should be reversed and plaintiffs allowed to amend their complaint.

CARDAMONE, J. P., SIMONS, DOERR and WITMER, JJ., concur.

Order unanimously reversed, with costs, defendant's motion denied, and plaintiffs' cross motion granted.