OPINION OF THE COURT
Charles B. Swartwood, J.
The defendant MacDonell made a cross motion for summary judgment dismissing the plaintiff’s complaint against him. This motion was returnable on September 12, 1989 and originally heard on October 10, 1989 but this court, sua sponte, asked for clarification of the plaintiff’s claim as to negligent entrustment of his car by defendant MacDonell. The confusion as to this issue was caused because the amended complaint which contained a cause of action based on negligent entrustment had not been submitted with the original motion papers. The motion was adjourned by the court to November 14, 1989 for further argument and adjourned again to December 5, 1989 to allow the parties to submit additional briefs and affidavits which they have now done.
We should note that default judgment had previously been granted on September 12, 1989 in favor of the plaintiff against the defendant Donald Garris.
The plaintiff Kenneth T. Good seeks to recover for injuries he sustained while operating the car owned by the defendant MacDonell southerly on the Lake Road in the Town of Horse-heads, New York on June 13, 1987. As the plaintiff was driving the car southerly he pulled slightly to his left to pass pedestrians near the right edge of the highway when, without warning, the defendant Donald Garris, who was seated in the right front seat, reached across the passenger in the middle of the front seat and yanked the steering wheel to the right causing the car to strike one or more of the pedestrians and killing one of them. The plaintiff Good immediately pulled the *317 steering wheel back to the left directing the car over the center line of the road and then back again to the right losing control of the car so that it hit a telephone pole and a house causing injuries to the plaintiff.
The defendant Donald Garris was subsequently charged with and convicted of criminally negligent homicide by reason of his yanking the steering wheel and directing the car into the pedestrians.
The plaintiff’s amended complaint has two causes of action. The first is based on a claim that the defendant’s vehicle was being operated by plaintiff with the permission and consent of the defendant MacDonell and that the use and operation of the vehicle by defendant Donald Garris was also with the express or implied permission of the defendant MacDonell. The second is based on a claim that the defendant MacDonell negligently entrusted his motor vehicle to persons known by him to be incompetent to occupy and operate the automobile.
The defendant MacDonell, driving his car, picked up the plaintiff’s brother, Steve Good, at his house, then picked up the plaintiff Kenneth Good and his friend, the defendant Donald Garris, at the plaintiff’s home, drove to Weis’ Market where Donald Garris purchased beer with funds donated by the occupants of the car and continued on to the Chemung County Fairgrounds where a "Battle of the Bands” was scheduled. They arrived about 1:00 p.m., stayed by the car for a while and then went their different ways, returning on occasion to the car. They all drank some of the beer as well as sharing it with others.
There is a variance between the depositions of defendant MacDonell and the plaintiff as to how many trips were taken in MacDonell’s car to get more beer. Concededly, the defendant MacDonell did not drive or go on these trips and did not wish to because he had been drinking. The defendant MacDonell recalled two such trips while the plaintiff testified that he used the car three times including the last one. In any event on each occasion the keys were given to the plaintiff Kenneth Good so that he could drive the defendant’s car. No one else drove the car after it arrived at the fairgrounds. Each time the plaintiff took the car the defendant Garris went with him because he was old enough to purchase beer but the plaintiff was not. On the last occasion, about 7:00 p.m., the plaintiff obtained the keys to the car and permission to use it directly from the defendant MacDonell in the grandstand.
*318 Obviously at the time of the accident the plaintiff was using the car with the express permission of the owner, defendant MacDonell, so that the defendant MacDonell would be liable to third persons injured by plaintiff’s negligence, if any, in the operation of the car under section 388 of the Vehicle and Traffic Law. That is not our problem. It is plaintiff’s claim in his first cause of action that defendant Garris was using and operating the car with defendant’s permission when he yanked on the steering wheel.
There was no specific limitation by the defendant MacDonell when he gave the keys to the plaintiff as to who should be allowed to operate or be present in his car. Under these circumstances the owner has been held liable under section 388 of the Vehicle and Traffic Law where his vehicle is being operated by the permittee’s permittee. (Arcara v Moresse, 258 NY 211; Williams v Monk, 33 AD2d 699.) Though the ownership of a motor vehicle creates a presumption that its operation is with the consent of the owner under Vehicle and Traffic Law § 388, the presumption may be rebutted by substantial evidence to the contrary (Leotta v Plessinger, 8 NY2d 449, 461; Aetna Cas. & Sur. Co. v Brice, 72 AD2d 927, affd 50 NY2d 958 for reasons stated at App Div).
Here the only evidence is that the plaintiff had been given express permission to operate the MacDonell car, was operating it at the time and that neither MacDonell nor the plaintiff had given any permission to defendant Garris to interfere with that operation or assume control of the vehicle as he did and certainly none can be implied under these facts. The only evidence is that, when defendant Garris reached over and yanked the steering wheel, the plaintiff immediately pulled it back with both hands negating any possible inference that the plaintiff assented to or acquiesced in the defendant Garris’ act in grabbing the wheel. The defendant Garris had no permission or consent to interfere in the operation of defendant MacDonell’s car as he did within the meaning of section 388 of the Vehicle and Traffic Law (Electric Ins. Co. v Boutelle, 122 AD2d 332). In the Electric Ins. Co. case the act of the passenger in unexpectedly depressing the accelerator of the car was held not to be operation, or use, of the car with permission. Based on this uncontroverted evidence the plaintiff’s first cause of action must be dismissed (cf., Bruno v Privilegi, 148 AD2d 652).
The second cause of action is based on a claim that defendant MacDonell entrusted his automobile to persons known to *319 him to be incompetent to operate it and that was a proximate cause of the accident and the plaintiffs injuries. Intoxication is the basis of the claim of incompetence here.
A person who has control over a motor vehicle may be held liable for injuries to third persons for entrusting it to a person who he knew or in the exercise of reasonable care should have known was not competent to operate it safely. (Bennett v Geblein, 71 AD2d 96; Golembe v Blumberg, 262 App Div 759; Rice v Spencer, 43 Misc 2d 331; see generally, Young v Dalidowicz, 92 AD2d 242, appeal dismissed 59 NY2d 967.) This doctrine has been applied where the person injured is the person to whom the chattel has been negligently entrusted. (Splawnik v Di Caprio, 146 AD2d 333 [leaving a loaded handgun with a person with a suicidal tendency].)
A prerequisite to liability for negligent entrustment is the requirement that the supplier knew or in the exercise of reasonable care should have known that the particular chattel in the hands of the person to whom it was given represented an unreasonable risk of harm to that person or to others because of that person’s incompetence to handle it safely (see, Restatement [Second] of Torts § 390; Bennett v Geblein, 71 AD2d 96, 99, supra).
Considering first the possible claim that the vehicle should not have been given to the plaintiff himself, there is some doubt as to whether he was in fact intoxicated to the extent that defendant MacDonell realized or should have realized his condition. Both the plaintiff and defendant testified on their depositions that the plaintiff was not intoxicated in their judgment. However, in his most recent affidavit sworn to November 28, 1989, the plaintiff equivocates as to the state of his sobriety and offers an unsupported statement that his blood alcohol tested .09% by weight following the accident. Under section 1195 (2) (c) of the Vehicle and Traffic Law such a level of alcohol in the blood is prima facie evidence that a person was not intoxicated but is nevertheless to be given prima facie effect in determining whether his ability to operate a motor vehicle was impaired. Since this is a motion for summary judgment by the defendant, the plaintiff is entitled to every favorable inference that the evidence permits (Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008). We will assume that plaintiff’s ability to drive was impaired and that defendant MacDonell should have been aware of his condition.
If one assumes that the defendant MacDonell should have *320 been cognizant of the plaintiffs condition and that his ability to drive was impaired such proof alone would not constitute negligence on the part of the plaintiff absent evidence that his drinking did in fact affect his driving and was a cause of the accident (cf., Baginski v New York Tel. Co., 130 AD2d 362, 365; Grcic v City of New York, 139 AD2d 621, 625, lv denied 73 NY2d 702). The only evidence before us is that the plaintiff was operating the car within the speed limit, in the proper lane of travel and that he was in the act of bearing left to give a wider berth to the pedestrians alongside of the road when the defendant Garris suddenly grabbed the steering wheel. Although there is evidence that the defendant Garris and the other passenger in the front seat were both intoxicated, there is no evidence of any fooling around in the car or any previous attempt by any one to meddle or interfere with the operation of the car by the plaintiff. The record is devoid of evidence of lack of care or negligence in the operation of the car by the plaintiff. Under these facts the plaintiff’s conduct was not a substantial cause of his own accident and injuries. "There are certain instances, to be sure, where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law”. (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315.) This is one of those instances.
If one is to go further and assume that the plaintiff was negligent in some fashion in the operation of this vehicle, that negligence on this record was not an operating or a substantial cause of this tragic event. The sudden yanking of the steering wheel by the defendant Garris without prior warning was clearly the sole proximate cause of the car striking the pedestrian and going out of control. Garris’ wholly irrational act in total disregard for the lives and safety of others was "an unforeseeable superseding event” that would absolve the plaintiff of liability for any claimed negligence on the plaintiff’s part. (Boltax v Joy Day Camp, 67 NY2d 617, 620.) We find no case which would fasten liability on a driver for merely having an intoxicated person in his vehicle. To do so would certainly sound the death knell for the "designated driver” program so avidly advanced by law enforcement agencies for persons who intend to drink and make use of a car.
Lastly, on the question of claimed negligent entrustment by the defendant MacDonell of his car to the plaintiff based on the plaintiff’s alleged intoxication, reference has been made to Restatement (Second) of Torts § 390, comment c, illustration 7, *321 which suggests that an intoxicated person who is allowed to hire a chattel may recover against the supplier who knew of the renter’s condition when the renter is injured as a result of his own intoxication in the operation of the chattel. The District Court of Appeal of Florida, First District, in Gorday v Faris (523 So 2d 1215) has reviewed a number of cases involving actions by intoxicated persons against the suppliers of motor vehicles to recover for the injuries caused by their own intoxication. It decided that such a case should be resolved on the basis of ordinary comparative fault principles. However, among the cases cited by that court is the decision of our Third Department which has held squarely that an intoxicated person entrusted with a vehicle may not recover based on the entrustee’s own intoxication against the person who supplied the vehicle because there is no common-law action recognized in New York allowing a person to recover against another grounded on his own intoxication. (Shultes v Carr, 127 AD2d 916, 917; see also, Sheehy v Big Flats Community Day, 73 NY2d 629, 636.)
For these reasons we conclude that the plaintiff may not recover against the defendant MacDonell on a claim of negligent entrustment of the car to the plaintiff based on the latter’s alleged intoxication.
The last basis of the plaintiff’s cause of action for negligent entrustment is the claim that the vehicle was in some fashion entrusted to the defendant Garris. There is absolutely no proof that the defendant MacDonell entrusted his car to Garris. Other than that MacDonell was aware that Garris had been drinking there is little evidence that MacDonell knew what Garris’ condition was other than plaintiff’s gratuitous statements in that regard. However, we will assume that the defendant MacDonell knew or should have been aware of Garris’ inebriated state and that he was going to ride with the plaintiff to get more beer. Again the evidence is clear that defendant MacDonell did not knowingly entrust his car to defendant Garris nor did plaintiff Good. The mere fact that the defendant MacDonell allowed defendant Garris while intoxicated to ride in the car without more is not evidence of negligent entrustment.
Thus the defendant MacDonell is entitled to summary judgment dismissing the second cause of action of the plain *322 tiffs complaint based on alleged negligent entrustment as well as dismissal of the first cause of action.
The defendant MacDonell should submit an order dismissing the plaintiffs complaint against the defendant MacDonell and for a severance of the action as to him.