SMITH, Judge.
Appellant, plaintiff below, was a passenger in an automobile operated by either Teresa or David Estep, neither of whom are parties to this appeal, which crashed causing severe injury to appellant. Appellant seeks reversal of a summary judgment rendered in favor of the appellees, defendants. We affirm in part and reverse in part.
In Count I of his Third Amended Complaint, appellant sought damages from James Register, individually and d/b/a The Car Lot, and Register Motor Company on a theory of negligent operation or maintenance of the car. In Count II, appellant sought damages from James Register, individually and d/b/a The Car Lot, and Register Motor Company on a theory of vicarious liability for any negligence on the part of the driver or drivers of the vehicle, and, alternatively, on a theory of negligent entrustment of the automobile. On motion, the trial court granted final summary judgment in favor of Register individually and d/b/a The Car Lot on the grounds that neither defendant could be liable since the automobile in question was owned by Register Motor Company, a corporation.
On appeal, appellant first argues that a genuine issue of material fact exists so as to preclude summary judgment. Specifically, he argues that the trial court erred in relying on the exhibit attached to the motion for summary judgment as proof of ownership of the automobile. We find no merit on this point. The exhibit is a bill of sale for the automobile involved in the accident. This bill of sale was mentioned by appellee James Register in both his deposition and his affidavit filed in support of his motion for summary judgment. This document was sufficiently identified by reference as being a part of the records of the corporation, Register Motor Company, of which James Register was the president *41 and sole stockholder. Register’s affidavit and his deposition established that all automobiles involved in his used car business were purchased in the name of the corporation, and not by him individually. Appellant produced no evidence contradicting Register’s claim as to the ownership of the vehicle, and he has failed to demonstrate the existence of a genuine issue of material fact on the question of ownership. Appellant’s contention that Register’s statements to the investigating highway patrolman create a dispute on this issue is without merit.
Appellant next argues that the claim of negligent entrustment presents a valid cause of action regardless of the actual owner of the auto in question. Under the circumstances disclosed by the record in this case, we agree.
We are of the view that appellee, James Register, individually and/or doing business as The Car Lot, may be liable for negligent entrustment of the automobile, for although he did not own the vehicle, it clearly was under his control. See, Gorday v. Fans, 523 So.2d 1215 (Fla. 1st DCA 1988), rev. denied, 534 So.2d 399 (Fla.1988); Bennett v. Geblein, 71 A.D.2d 96, 421 N.Y.S.2d 487 (1979). Appellee does not disagree with the law on this point as argued by appellant, but contends that the complaint for negligent entrustment is grounded solely upon the theory of ownership by the defendants, with no specific allegation that James Register “had control over the vehicle.” We find no merit in this argument.
First, the motion for summary judgment was grounded solely upon the claim that the automobile was owned by the corporation and that only the corporation could be found liable. Nothing is mentioned in the motion concerning insufficient allegations of negligent entrustment. Secondly, the complaint does allege that “defendant James Register negligently entrusted his automobile” to the person driving it at the time of the accident. All reasonable inferences from the allegations of the complaint and the discovery depositions show that appellee James Register, and no other person, had control over the use of the automobile.[1] It is undisputed that Register turned the automobile over to his niece for a personal errand. We conclude that it was error to grant summary judgment in favor of appellees on the negligent entrustment claim.
The final summary judgment appealed is affirmed in part and reversed in part, and the cause is remanded for further proceedings.
BOOTH and ALLEN, JJ., concur.

. Even if the allegations of the complaint were deficient, as appellee now urges before this court, since it is apparent from the pleadings and other matters before the court that appellant may have a cause of action if properly pleaded, the appellant should have been given the opportunity to amend his complaint. See Hart Properties v. Slack, 159 So.2d 236 (Fla. 1963); Bowman v. Davies, 586 So.2d 1332 (Fla. 1st DCA 1991); Allen v. Port Everglades Authority, 553 So.2d 1341 (Fla. 4th DCA 1989).