OPINION OF THE COURT
Howard Miller, J.
On December 9, 1990, defendant Jason Devaney, age 14, allegedly shot plaintiff Robyn Zellers in the left eye with a BB gun owned by defendant Willie Norton, containing ammunition purportedly supplied by defendant Anthony Pellacio. At the time of the incident, defendants Jason Devaney and Willie Norton were present; defendant Anthony Pellacio was not. However, Anthony had previously purchased BBs and left them at the site of the incident. Anthony denies that the BB which struck plaintiff came from the cache supplied by him; nevertheless, for purposes of this motion only, counsel for Anthony asks the court to assume that the BB used was in fact supplied by Anthony.
Defendants Anthony Pellacio and his parents, Ann and Christopher Doepper, now move for summary judgment upon the grounds that the gun used in the incident did not belong to these defendants; that they were not present at the time the incident occurred; that Anthony was the purchaser of the BBs and not his parents; and that the acts of defendant Jason Devaney constitute a superseding cause absolving Anthony from any liability.
Plaintiffs argue that Anthony knew that Jason was at the accident site and firing a BB gun; that Christopher Doepper had purchased BB guns for Anthony; had watched Anthony and Jason shoot BB guns in his back yard; that Anthony’s possession and use of a BB gun and possession of ammunition is a violation of Penal Law § 265.05; and that the negligent and illegal supplying of BBs to other defendants created a foreseeable risk of injury.
Plaintiffs’ action against defendants Doepper is essentially based upon negligent entrustment. “A prerequisite to liability for negligent entrustment is the requirement that the supplier knew or in the exercise of reasonable care should have known that the particular chattel in the hands of the person to whom it was given represented an unreasonable risk of harm to that person or to others because of that person’s incompetence to handle it safely” (Good v MacDonell, 149 Misc 2d 315, 319, citing Restatement [Second] of Torts § 390, *536 and Bennett v Geblein, 71 AD2d 96). Parents may be held liable to a third party by virtue of an infant’s improvident use of a dangerous instrument, particularly when the parent is aware of and capable of controlling its use (Nolechek v Gesuale, 46 NY2d 332). What constitutes a "dangerous instrumentality” has been decided by the courts on an ad hoc basis, but it is well settled law that a BB gun is a dangerous instrumentality whose negligent use by an infant will cast his parents in liability (Masone v Gianotti, 54 AD2d 269; see also, Kuchlik v Feuer, 239 App Div 338, affd 264 NY 542; Lichtenthal v Gawoski, 44 AD2d 771; Lalomia v Bankers & Shippers Ins. Co., 35 AD2d 114, affd 31 NY2d 830).
The testimony before trial indicates that Anthony’s parents gave Anthony two BB guns and ammunition and were well aware of his use of both. It is not unforeseeable that the use of a BB gun, and the ammunition, by a 14-year-old infant could create an unreasonable risk of injury to a third party.
Defendant Anthony Pellacio’s reliance upon Jason’s acts being a superseding event relieving him of liability is misplaced. In the cases cited in support of this motion, none of the items which caused injury to the plaintiff were dangerous instrumentalities which had been given to the infant by his parents. Furthermore, "[a]n intervening act will be deemed a superseding cause and will serve to relieve [the] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant’s negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant” (Kush v City of Buffalo, 59 NY2d 26, 33). Anthony’s liability turns on whether Jason’s intervening act was a normal or foreseeable consequence of the situation created by Anthony’s negligence (see, Boltax v Joy Day Camp, 67 NY2d 617). Anthony has asked the court to assume, for this motion only, that the BB which struck plaintiff was purchased by Anthony. It cannot be said as a matter of law that the illegal purchase by Anthony of BBs, his leaving them at the accident site, and their resultant use by Jason, are so divorced from the ultimate injury as to relieve Anthony of liability. Had the court not been asked to assume that the BB used was Anthony’s, summary judgment would still be denied upon the ground that the ownership of the BB which caused the injury is an issue of fact.