■ CLARA A. GUAY et al., Appellants, v THOMAS D. WINNER et al., Defendants, and SPORTLINE POWER PRODUCTS, INC., Respondent.—Weiss, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered April 6, 1992 in Saratoga County, which granted a motion by defendant Sportline Power Products, Inc. for summary judgment dismissing the complaint against it.

Defendant Thomas D. Winner shopped for a motorcycle at the dealership operated by defendant Sportline Power Products, Inc. Winner asked to be permitted to test drive a motor-

cycle he selected. Gary Cardinale, Sportline's owner and manager, testified that when he asked Winner whether he could prove he was a registered class 7 operator in New York, his response was, "I've driven motorcycles a lot." When asked again if he possessed a valid New York motorcycle driver's license, Winner said, "No, I do not." Accordingly, Sportline refused to allow Winner to drive the motorcycle on the public highways, but did permit him to test drive it only on its premises which included a parking lot and a 350-foot driveway where he demonstrated proficiency in the operation of the machine. Winner made no commitment to purchase the motorcycle but subsequently called and asked Sportline to hold the bike while he arranged financing. On March 19, 1990, Winner, still without a motorcycle (class 7) driver's license,* arrived at Sportline's showroom and paid for the motorcycle with funds borrowed from his credit union and left the dealership with the paperwork necessary to transfer title and register the bike in his name with the Department of Motor Vehicles. He returned to Sportline later that same day with the registration, insurance on the motorcycle and a New York license plate which Cardinale affixed on the vehicle. After a predelivery orientation procedure and his indication that his girlfriend was a licensed operator who would drive the motorcycle, Winner was given the keys. When Winner went to the showroom to shop for accessories, Cardinale attended to another customer. Although Cardinale did not see Winner depart, he apparently drove the cycle away himself and shortly thereafter was involved in an accident injuring plaintiff Clara A. Guay.

Guay and her husband commenced this action to recover damages for her personal injuries alleging, *inter alia,* that Sportline violated Vehicle and Traffic Law § 509 (4) by negligently entrusting the motorcycle to an unlicensed and inexperienced driver. Following discovery, Sportline moved for summary judgment dismissing the complaint against it. Supreme Court held that the undisputed facts failed to show either a violation of Vehicle and Traffic Law § 509 or a negligent entrustment, and granted the motion. Plaintiffs have appealed.

Plaintiffs contend that Supreme Court erred in failing to find present an issue of fact as to whether Sportline knew or

---

* Winner passed the written examination for a class 7 endorsement on March 27, 1990 and passed the road test portion of the examination on April 16, 1990.

had reason to know that its sale and delivery of a motorcycle to Winner created an unreasonable risk to others due to his youth, inexperience and lack of a proper license. Plaintiffs argue for the application of the Restatement (Second) of Torts § 390, which describes ensuing liability when a chattel is supplied for use by a person known to be incompetent. Here, Sportline established that Winner was familiar with motorcycles and was capable of operating the motorcycle he actually purchased. Winner was almost 21 years old *(see, Fischer v Lunt,* 162 AD2d 1016, 1017) and licensed to operate automobiles. On these facts Sportline had no reason to suspect incompetency, nor has any incompetency been demonstrated. While his lack of a license for on the road operation of a motorcycle was a legal impediment, it neither established Winner's incompetence to operate the motorcycle nor precluded or militated against the subject sale. Accordingly, we decline plaintiffs' argument that we accept the California rule *(see, Dillon v Suburban Motors,* 166 Cal App 3d 233; *Roland v Golden Bay Chevrolet,* 161 Cal App 3d 102), which holds that the sale of a motor vehicle to an unlicensed individual is evidence of negligence *(see, Dance v Town of Southampton,* 95 AD2d 442, 447; *Hanley v Albano,* 20 AD2d 644, 645; 8 NY Jur 2d, Automobiles and Other Vehicles, § 752). Without a showing that the seller was or should have been aware of incompetence on the part of the purchaser, there can be no negligent entrustment.

Plaintiffs next contend that the established facts create a violation of Vehicle and Traffic Law § 509 (4) which would be some evidence of negligence. We disagree. Vehicle and Traffic Law § 509 (4) states, "No person shall knowingly authorize or permit a motor vehicle owned by him or in his charge to be operated in violation of subdivisions one, two or three of this section." Subdivision (2) of section 509 prohibits operation of a motor vehicle by a person unless he is a holder of a class of license which is valid for the operation of such vehicle. Plaintiffs argue that motorcycles require a class 7 license and Winner, while licensed to drive an automobile, lacked a class 7 license. Cardinale inquired and was satisfied that the motorcycle would be taken from the premises by a person with a license to operate a motorcycle before he released the keys to Winner, the purchaser. These circumstances did not constitute a violation of Vehicle and Traffic Law § 509 by permitting the motorcycle to be operated unlawfully. Sportline has made an evidentiary showing of entitlement to judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). To successfully

defeat the motion, plaintiffs were required to lay bare affirmative proof to demonstrate that the matters they alleged are real and capable of being established at trial (see, Zuckerman v City of New York, 49 NY2d 557). Plaintiffs have failed to do so and, accordingly, Sportline's motion for summary judgment was properly granted.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.