SHELLY KELLY et al., as Parents and Natural Guardians of COLLEEN KELLY, an Infant, Respondents, v CHRISTOPHER B. DICERBO, Defendant, NICHOLAS A. et al., Appellants, and CHRISTOPHER YOUNG et al., Respondents. [811 NYS2d 530]—

Appeal from an order of the Supreme Court, Cattaraugus County (Eugene M. Fahey, J.), entered April 28, 2005 in a personal injury action. The order denied the motion of defendants Nicholas A. DiCerbo, Ann E. DiCerbo and Jerome T. Morgan for summary judgment dismissing the negligent entrustment claim against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the negligent entrustment claim against defendant Jerome T. Morgan and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking dam-

ages for injuries sustained by their infant daughter when the power boat on which she was a passenger collided with a power boat operated by defendant Christopher B. DiCerbo (Christopher) and owned by defendant Jerome T. Morgan (Jerome). Defendants Nicholas A. DiCerbo (Nicholas) and Ann E. DiCerbo (Ann) are Christopher's parents. In their fourth cause of action, plaintiffs alleged, inter alia, that Jerome, Nicholas and Ann (collectively, defendants) negligently entrusted the boat to Christopher, and defendants moved for summary judgment seeking to dismiss that claim against them. We conclude that Supreme Court properly denied that part of the motion with respect to Nicholas and Ann but erred in denying that part of the motion with respect to Jerome.

"It is well established that a parent owes a duty to protect third parties from harm that is clearly foreseeable 'from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use' " (*Merle v Baderman*, 305 AD2d 1059, 1059 [2003], quoting *Nolechek v Gesuale*, 46 NY2d 332, 338 [1978]; *see Rios v Smith*, 95 NY2d 647, 652 [2001]). Additionally, "[t]he owner or possessor of a dangerous instrument is under a duty to entrust it to a responsible person whose use does not create an unreasonable risk of harm to others" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 236 [2001]).

We reject defendants' contention that the boat was not a dangerous instrument as a matter of law. The determination whether an object is a dangerous instrument "depends upon the nature of the instrument and the facts pertaining to its use, including the particular attributes of the minor using or operating the item" (*Rios*, 95 NY2d at 653). Here, we conclude that there is an issue of fact whether the boat was a dangerous instrument based on the admission of Nicholas that the boat could be dangerous if operated in an unsafe manner (*see generally Rios*, 95 NY2d at 653-654).

We agree with defendants that they established that, to their knowledge, Christopher had always operated the boat in a safe and prudent manner. We conclude, however, that plaintiffs raised a triable issue of fact whether Nicholas and Ann could have "clearly foreseen" that Christopher's use of the boat could have exposed others to injury (*id.* at 653) or whether they "should have known" that Christopher was likely to use the boat in a dangerous manner (*Larsen v Heitmann*, 133 AD2d 533, 533 [1987], *lv denied* 70 NY2d 616 [1988]; *see Hamilton*, 96 NY2d at 237; *Earsing v Nelson*, 212 AD2d 66, 70 [1995]). Plaintiffs submitted affidavits from three neighbors of Nicholas

and Ann, and those neighbors averred that Christopher operated the boat in a reckless manner on multiple occasions. One neighbor averred that, when she observed Christopher operating the boat, she saw the car belonging to Nicholas and Ann at their cottage. Contrary to defendants' contention, those affidavits were not speculative inasmuch as they contained a "sufficient factual foundation" (*Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 784 [2001], *lv denied* 97 NY2d 602 [2001]). Additionally, Christopher testified at his deposition that he needed the permission of his parents or an older sibling to operate the boat and that his parents were absent from the cottage only 15% to 25% of the time he operated the boat. Thus, in our view, there is evidence from which a factfinder could infer that Nicholas and Ann should have known that Christopher was likely to use the boat in an unsafe manner (*cf. Larsen*, 133 AD2d at 533).

We conclude, however, that plaintiffs failed to raise a triable issue of fact whether Jerome "could have clearly foreseen" that Christopher's use of the boat could have exposed others to injury (*Rios*, 95 NY2d at 653) or whether Jerome "should have known" that Christopher was likely to use the boat in a dangerous manner (*Larsen*, 133 AD2d at 533; *see Hamilton*, 96 NY2d at 237; *Earsing*, 212 AD2d at 70). Nothing in plaintiffs' submissions established that Jerome was present when Christopher operated the boat or that Jerome knew of the neighbors' complaints, and thus there is no evidence from which a factfinder could infer that Jerome should have been aware of Christopher's reckless operation of the boat. We therefore modify the order accordingly. Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.