# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

682
CA 15-01907
PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

RAEQUEL L. GRAHAM, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHARLESETTA JONES, YASMINE H. KIRKSEY, DEFENDANTS,
AND BUFFALO AUTO RENTAL, INC., DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered May 28, 2015. The order, insofar as appealed
from, denied in part the motion of defendant Buffalo Auto Rental,
Inc., for summary judgment dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when her vehicle collided with a vehicle
operated by defendant Yasmine H. Kirksey and owned by defendant
Buffalo Auto Rental, Inc. (BAR). Kirksey did not have a driver's
license at the time of the accident. The vehicle operated by Kirksey
had been rented by defendant Charlesetta Jones from BAR. Jones
testified at her deposition that she had rented vehicles from BAR
three or four times before the accident. Plaintiff commenced this
action and alleged causes of action for negligence, negligent
entrustment, and vicarious liability against BAR. With respect to the
negligent entrustment cause of action, plaintiff alleged that BAR
rented the vehicle to Jones and that BAR knew or should have known
that the vehicle would be operated by drivers other than Jones, such
as Kirksey, who did not have a driver's license.

Plaintiff previously moved to strike the answer and affirmative
defenses of BAR as they pertained to the cause of action for negligent
entrustment or, in the alternative, to preclude BAR from offering
evidence relevant to negligent entrustment, because of its spoliation
of evidence. In a prior order, Supreme Court found that BAR was
negligent in destroying its electronic records concerning any vehicle
rentals to Jones or Kirksey, and ordered that BAR was precluded from
introducing evidence of its electronic rental records with respect to

Jones or Kirksey at trial, with the exception of an unsigned rental agreement between BAR and Jones involving the vehicle in the instant collision that BAR had already disclosed. The court further ordered that plaintiff was permitted to make an application at the time of trial for an adverse inference charge based on BAR's failure to keep electronic records.

BAR moved for summary judgment dismissing the complaint against it, and plaintiff abandoned the negligence cause of action and withdrew the vicarious liability cause of action, leaving only the negligent entrustment cause of action. The court granted the motion in part by dismissing the vicarious liability cause of action and denied that part of the motion seeking dismissal of the negligent entrustment cause of action, and we now affirm. "The owner or possessor of a dangerous instrument is under a duty to entrust it to a responsible person whose use does not create an unreasonable risk of harm to others" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 236; *see Kelly v DiCerbo*, 27 AD3d 1082, 1083). "The duty may extend through successive, reasonably anticipated entrustees" (*Hamilton*, 96 NY2d at 237). "The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion" (*id.* at 237; *see Earsing v Nelson*, 212 AD2d 66, 70). To establish a negligent entrustment cause of action, a plaintiff must show that the defendant had "some *special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given]* which renders [that person's] use of the chattel unreasonably dangerous" (*Monette v Trummer*, 105 AD3d 1328, 1330, *affd* 22 NY3d 944 [internal quotation marks omitted]; *see Byrne v Collins*, 77 AD3d 782, 784, *lv denied* 17 NY3d 702). With respect to motor vehicles, an owner may be liable "if [it] had control over the vehicle and if [it] was negligent in entrusting [the vehicle] to one who [it] knew, or in the exercise of ordinary care should have known, was incompetent to operate [the vehicle]" (*Bennett v Geblein*, 71 AD2d 96, 98).

Even assuming, arguendo, that BAR met its initial burden of establishing its entitlement to judgment as a matter of law with respect to the negligent entrustment cause of action, we conclude that plaintiff raised a triable issue of fact. We agree with plaintiff that Vlad Kats, the president of BAR, as well as Jones and Kirksey, "gave wildly differing testimon[y] [at their depositions] concerning all issues relevant to the negligent entrustment cause of action." In the event they so testify at trial, such inconsistent testimony may warrant a falsus in uno charge (*see generally DiPalma v State of New York*, 90 AD3d 1659, 1660). That conflicting evidence, together with the adverse inference to which plaintiff may be entitled at trial, raised a question of fact whether BAR had special knowledge that Kirksey would be driving the vehicle and doing so without a driver's license.

We reject BAR's contention that it cannot be held liable even if it knew that Kirksey would be driving the vehicle without a driver's

license.  The fact that Kirksey did not possess a driver's license is a factor to consider in determining whether BAR knew that Kirksey was incompetent to operate the vehicle (*see Nolechek v Gesuale*, 46 NY2d 332, 336-337, 340 [negligent entrustment cause of action stated where the father purchased a motorcycle for his son who, inter alia, did not possess a license]; *Cone v Williams* [appeal No. 1], 182 AD2d 1102, 1102, *lv denied* 80 NY2d 758 [in support of the counterclaim for negligent entrustment, the defendants were allowed to elicit testimony from the father of the infant plaintiff that his son was not a licensed operator of the all-terrain vehicle]; *Calhoun v Allen*, 38 Misc 3d 171, 178-179 [car rental business failed to meet its burden because it failed to establish that the driver to whom it rented the vehicle had a valid driver's license]; *cf. Monette*, 105 AD3d at 1330-1331 [the vehicle repair shop verified that the driver, inter alia, had a valid driver's license]).  While we agree with the dissent that "the absence or possession of a driver's license is not relevant to the issue of negligence" in the operation of a motor vehicle (*Huff v Rodriguez*, 88 AD3d 1274, 1275, *appeal dismissed* 18 NY3d 869, *lv denied* 18 NY3d 919), this is a negligent entrustment cause of action, where the issue does not concern the manner in which the accident occurred. Rather, the issue is whether BAR should have entrusted the vehicle to Kirksey in the first instance.

All concur except PERADOTTO, and CARNI, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum:  We respectfully dissent.  Plaintiff's cause of action for negligent entrustment is premised upon the theory that, in renting the vehicle to defendant Charlesetta Jones, defendant Buffalo Auto Rental, Inc. (BAR) knew the vehicle would be used by defendant Jasmine H. Kirksey and that BAR also knew, or in the exercise of ordinary care should have known, that Kirksey was incompetent to operate it (*see Bennett v Geblein*, 71 AD2d 96, 98).  It is well settled that, without a showing that the owner of the vehicle was or should have been aware of incompetence on the part of the operator, there can be no negligent entrustment (*see Guay v Winner*, 189 AD2d 1081, 1083).  Here, plaintiff's theory that Kirksey was not competent to operate a motor vehicle is based entirely upon the undisputed fact that Kirksey did not possess a driver's license at the time of the accident.

However, it is well settled that "the absence or possession of a driver's license relates only to the authority for operating a vehicle, and not to its manner of operation" (*Almonte v Marsha Operating Corp.*, 265 AD2d 357, 357; *see Huff v Rodriguez*, 88 AD3d 1274, 1275, *appeal dismissed* 18 NY3d 869, *lv denied* 18 NY3d 919; *Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 27, *lv denied* 11 NY3d 705).  Because a driver's license relates only to the authority to operate a motor vehicle and not the manner of operation, the absence of a license is not presumptive evidence of negligence (*see Phass v MacClenathen*, 274 App Div 535, 538).  Indeed, we have held that evidence that a driver did not possess a valid driver's license at the time of the subject motor vehicle accident is inadmissible on the issue of negligence (*see Huff*, 88 AD3d at 1275).

Here, we conclude that in moving for summary judgment, BAR met its initial burden of proof by submitting evidence that when it rented the vehicle to Jones it had no knowledge that Kirksey would be operating the vehicle or that Kirksey was incompetent to operate a motor vehicle (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  In opposition, plaintiff had the burden of raising a material issue of fact as to both BAR's knowledge of Kirksey's use and of Kirksey's alleged incompetence to operate the vehicle (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

There is no dispute that Kirksey was beyond infancy in that she was 21 years of age at the time of the accident (*see* CPLR 105 [j]).  Plaintiff does not allege that Kirksey was, for example, intoxicated (*see Bennett*, 71 AD2d at 98-99), mentally incapacitated (*see Splawnik v Di Caprio*, 146 AD2d 333, 335-336), physically impaired (*see generally Golembe v Blumberg*, 262 App Div 759, 759; *Schneider v Van Wyckhouse*, 54 NYS2d 446, 447), or otherwise incompetent to operate a motor vehicle at the time of the rental or the accident (*see* Restatement [Second] of Torts, Oct. 2016 Update § 309, Chattel for Use by Person Known to be Incompetent).

*Nolechek v Gesuale* (46 NY2d 332), cited by the majority, involves an infant with impaired vision entrusted with a motorcycle by his father, and "key to [that] case [was] the duty owed by parents to third parties to control their children's use of dangerous instruments to avoid harm to third parties" (*id.* at 339).  Such duty is not at issue here.  We note that the Court of Appeals, in discussing *Nolechek* in *Rios v Smith* (95 NY2d 647), a case involving a parent's entrustment of an all-terrain vehicle (ATV) to an infant, addressed the negligent entrustment theory in that case only with reference to the fact "that [in *Nolechek*] the father had negligently entrusted the motorcycle to his child, who was blind in one eye and had impaired vision in the other eye," and, notably, the Court of Appeals made no reference to whether the infant possessed a driver's license (*Rios*, 95 NY2d at 652).

*Cone v Williams* ([appeal No. 1] 182 AD2d 1102, 1102, *lv denied* 80 NY2d 758), also cited by the majority, likewise involved a parent's entrustment of an ATV to a 14-year-old child (*see Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747, 748), who, at 14 years of age, could not have under any circumstances held a driver's license at the time of the accident.  We have no quarrel with the conclusion that an infant, forbidden by statute to operate a motor vehicle because of his or her age, is presumptively an incompetent operator (*see e.g. Keller v Wellensiek*, 186 Neb 201, 206-207, 181 NW2d 854, 858).  But that is not the situation here.

Even assuming, arguendo, that BAR knew of Kirksey's lack of a driver's license, we note that the majority fails to account for our jurisprudence establishing that the lack of a driver's license is not admissible on the issue of the operator's negligence (*see Huff*, 88 AD3d at 1275).  Moreover, on the undisputed facts in this record, any entrustment of the vehicle to Kirksey by BAR was not and could not

have been a proximate cause of the accident (*see Hanley v Albano*, 20 AD2d 644, 645).

Lastly, with respect to the majority's conclusion that BAR's motion should be denied on the *possibility* that plaintiff *may* be entitled to a *permissive* adverse inference instruction (*see* PJI 1:77) at trial with respect to whether BAR knew that Kirksey would be driving the vehicle without a driver's license, we conclude that such a prospect is untenably remote to defeat summary judgment (*see generally Zuckerman*, 49 NY2d at 562), and that, in any event, such an inference would not overcome the rule that the lack of a driver's license is inadmissible on the issue of negligence in the operation of a motor vehicle (*see Huff*, 88 AD3d at 1275).  Likewise, the possibility that inconsistent testimony by Jones, BAR and/or Kirksey on the issue whether BAR knew at the time of the rental that Kirksey would be driving and was unlicensed might yield a falsus in uno instruction at trial is, in our view, insufficient to raise a material issue of fact on the issues whether Kirksey was incompetent to operate the vehicle (*see id*.), and whether such incompetence was a proximate cause of the accident (*see Hanley*, 20 AD2d at 645).

We would therefore reverse the order insofar as appealed from and grant BAR's motion for summary judgment dismissing the complaint against it in its entirety.

Entered:  February 3, 2017                      Frances E. Cafarell
                                                Clerk of the Court