Perkins v County of Tompkins (2018 NY Slip Op 02530)





Perkins v County of Tompkins


2018 NY Slip Op 02530


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525490

[*1]KATHLEEN PERKINS, as Guardian of the Person and Property of CHRISTOPHER PERKINS, Plaintiff,
v
COUNTY OF TOMPKINS et al., Defendants, and ROBERT L. ZIMMER JR., as Administrator of the Estate of ROBERT L. ZIMMER SR., Deceased, Defendant and Third-Party Plaintiff- Respondent; JOSEPHINE HINES, Third-Party Defendant- Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Law Office of Keith D. Miller, Liverpool (Keith D. Miller of counsel), for third-party defendant-appellant.
Costello, Cooney & Fearon, PLLC, Camillus (Megan E. Grimsley of counsel), for defendant and third-party plaintiff-respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Faughnan, J.), entered March 23, 2017 in Tompkins County, which denied third-party defendant's motion for summary judgment [*2]dismissing the third-party complaint.
As Robert Zimmer Sr. (hereinafter Zimmer)[FN1] was pulling out of his driveway, Christopher Perkins, who was operating a motorcycle on the road adjacent to the driveway, apparently veered away from Zimmer's vehicle and collided with a telephone pole. Approximately five days prior to Perkins' accident, he had borrowed the motorcycle from his sister, third-party defendant, Josephine Hines. Plaintiff, as Perkins' guardian, commenced this negligence action against, among others, Zimmer seeking damages for personal injuries that Perkins sustained in the accident. Zimmer commenced a third-party action against Hines,[FN2] alleging a cause of action for common-law indemnification and contribution based on Hines' alleged negligent entrustment of a motorcycle to Perkins. After answering, Hines moved for summary judgment dismissing the third-party complaint. Supreme Court denied the motion based upon Hines' failure to establish that "she exercised reasonable care to determine that [Perkins] was competent to operate the motorcycle safely" when she loaned it to him. Hines appeals.
Supreme Court properly denied Hines' motion for summary judgment. As the party seeking summary judgment, Hines was required to make a prima facie showing of her entitlement to judgment as a matter of law and produce sufficient evidence to demonstrate that there are no material issues of fact (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). "The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 237 [2001]; see Graham v Jones, 147 AD3d 1369, 1371 [2017]). An owner of a motor vehicle, including a motorcycle, may be liable for negligent entrustment "if he [or she] was negligent in entrusting it to one who he [or she] knew, or in the exercise of ordinary care should have known, was incompetent to operate it" (Bennett v Geblein, 71 AD2d 96, 98 [1979]; accord Graham v Jones, 147 AD3d at 1371; see Guay v Winner, 189 AD2d 1081, 1082-1083 [1993]).
Some cases have held that a person's "absence or possession of a driver's license relates only to the authority for operating a vehicle, not to its manner of operation," such that "possession of a driver's license is not relevant to the issue of negligence" (Huff v Rodriguez, 88 AD3d 1274, 1275 [2011] [internal quotation marks and citation omitted], appeal dismissed 18 NY3d 869 [2012], lv denied 18 NY3d 919 [2012]; see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 27 [2008], lv denied 11 NY3d 705 [2008]). However, this appeal deals with a negligent entrustment cause of action; the issue is not Perkins' negligence in operating the motorcycle, but whether Hines should have entrusted the motorcycle to him in the first instance (see Graham v Jones, 147 AD3d at 1372). Thus, the fact that Perkins did not possess a motorcycle license "is a factor to consider in determining whether" Hines knew or should have known if Perkins was competent to operate her motorcycle (id. at 1371).
We reject Hines' argument that a negligent entrustment cause of action cannot stand [*3]under the present circumstances because the person who was injured (Perkins) was the one to whom a dangerous instrument was allegedly negligently entrusted (see Nolechek v Gesuale, 46 NY2d 332, 340-341 [1978]). Similarly, it is irrelevant that Zimmer was not physically injured. The injury alleged to him here is "financial harm resulting from potential liability of a 'concurrent' tort-feasor" for Perkins' injuries while using the dangerous instrument (id. at 339; see Guldy v Ford Motor Co., 99 AD2d 625, 626 [1984]). Zimmer is not precluded from obtaining a recovery from Hines merely because Perkins may not be able to directly recover from Hines based on her negligent entrustment of the motorcycle to him; the situation is analogous to one in which a third-party tortfeasor "may implead for contribution or indemnity the employer of an injured employee, despite the employee's inability to recover from the employer directly" due to the Workers' Compensation Law (Nolechek v Gesuale, 46 NY2d at 339).
In support of her motion for summary judgment, Hines submitted, among other things, her deposition testimony. Hines testified that Perkins borrowed her motorcycle a few days before the accident because he wanted to "get back into riding." When he picked it up, Hines spent 10 minutes instructing him on the basics of her motorcycle. At one point during her deposition, Hines testified that she did not know if Perkins had a license and she discovered after the accident that he had only a permit, but at another point she testified that she asked Perkins whether he had a license to drive the motorcycle and he said yes. Although Hines testified that she understood Perkins had experience driving a motorcycle because he previously owned one, she also testified that his motorcycle "was a fixer upper" that was not "repaired to the point where he could ride it." She had never ridden motorcycles with him. In regard to Perkins' driving history, Hines testified that she lacked knowledge as to when, if ever, Perkins learned to operate a motorcycle or if anyone ever taught him to do so. Hines' testimony created a material question of fact regarding whether she knew or had reason to know if Perkins was competent to operate the motorcycle before she entrusted it to him. The remaining evidence that Hines submitted did not resolve that issue. Thus, Supreme Court properly denied her summary judgment motion because she failed to meet her burden (see Graham v Jones, 147 AD3d at 1371-1372).
Lynch, Devine, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Zimmer passed away during the pendency of this action. His estate has been substituted as defendant and third-party plaintiff.

Footnote 2: Although Zimmer also named defendant County of Tompkins in his third-party complaint, Zimmer's claims against the County are properly considered cross claims and not third-party claims.