Hull v The Pike Co. (2019 NY Slip Op 05611)





Hull v The Pike Co.


2019 NY Slip Op 05611


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527408

[*1]CRAIG D. HULL, Respondent,
v
THE PIKE COMPANY, Appellant.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Law Offices of Theresa J. Puleo, Syracuse (Michelle M. Davoli of counsel), for appellant.
Barney Grossman Dubow & Troy, LLP, Ithaca (William J. Troy of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cassidy, J.), entered August 24, 2018 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.
On December 2, 2011, plaintiff, a facilities worker employed by Cayuga Medical Center (hereinafter CMC), was operating a scissor lift in a CMC parking lot — replacing light bulbs on certain exterior pole lighting — when the lift tipped over and fell to the ground. As a result, plaintiff sustained numerous injuries, including, among other things, four fractured ribs, a fractured sternum and multiple fractures to his left foot. Plaintiff had borrowed the subject scissor lift earlier that morning from defendant, a building contractor that was performing certain unrelated construction work at CMC [FN1]. Plaintiff thereafter commenced this action against defendant, alleging defendant's negligent entrustment of the scissor lift to him and seeking damages for the personal injuries that he sustained. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, determining that a question of fact existed "as to whether . . . defendant knew that . . . plaintiff was likely to use the equipment in such a manner as to create an unreasonable risk of harm to others" and/or whether plaintiff's conduct was the sole proximate of his own injuries. Defendant appeals.
We affirm. As relevant here, "[t]he tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion" (Perkins v County of Tompkins, 160 AD3d 1189, 1190 [2018] [internal quotation marks and citation omitted]). In turn, to establish a cause [*2]of action under a theory of negligent entrustment, it must be demonstrated that the defendant had "some special knowledge concerning a characteristic or condition peculiar to the plaintiff which renders [his or her] use of the chattel[,i.e., the scissor lift,] unreasonably dangerous" (Zara v Perzan, 185 AD2d 236, 237 [1992]; see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 236 [2001]; Graham v Jones, 147 AD3d 1369, 1371 [2017]; Splawnik v Di Caprio, 146 AD2d 333, 335 [1989]; see also Restatement [Second] of Torts § 390).
In support of its motion, defendant submitted, among other things, plaintiff's deposition testimony and that of Robert Reagle, a project superintendent for defendant. Reagle testified that, prior to the accident, he made arrangements to allow CMC to borrow a scissor lift to change the subject light bulbs. Although Reagle testified that he "had no idea who was going to be running [the subject scissor lift]," he "assumed [CMC's] people [were] trained" on the proper use thereof. Plaintiff, meanwhile, testified that, although he had experience operating certain types of aerial lifts, i.e., boom lifts and Genie lifts, he had never operated a scissor lift prior to November 30, 2011. On November 30, 2011 — two days prior to the subject accident — plaintiff initially borrowed a small scissor lift from defendant; however, after having difficultly maneuvering the lift, one of defendant's employees had to verbally instruct him how to drive it. Ultimately, that lift could not reach the height necessary to change the subject light bulbs and, on December 2, 2011, plaintiff borrowed a larger scissor lift from defendant. Plaintiff testified that he had similar difficulties operating the larger scissor lift and, again, after observing his inability to raise the lift, another of defendant's employees thereafter instructed him that the lift had to be on level ground in order to operate properly. Although plaintiff was able to check the light bulbs on two or three different poles, after he parked the scissor lift at the base of the fourth pole and was standing on the scissor lift's platform approximately 25 feet in the air, the lift tilted and fell to the ground. Reagle testified that, a few days after the accident, he learned from a fellow project superintendent that, prior to the accident, plaintiff had allegedly told one of defendant's employees that he did not know how to use or start the scissor lift and asked that employee to show him the safety operations thereof.[FN2]
Given the testimony regarding plaintiff's alleged lack of experience operating the subject scissor lift, the alleged observations by defendant's employees of plaintiff's operation thereof, Reagles' assumption as to plaintiff's level of training and his subsequent knowledge that an employee of defendant was allegedly made aware, prior to the accident, that plaintiff was not familiar with and/or trained in the use and operation of the scissor lift, we find that defendant failed to meet its prima facie burden of establishing the absence of a triable issue of fact, specifically as to whether defendant knew or should have known that plaintiff lacked the requisite training and experience necessary to safely operate the subject scissor lift at the time it was entrusted to him, rendering his subsequent use thereof unreasonably dangerous (see Hamilton v Beretta U.S.A. Corp., 96 NY2d at 237; Perkins v County of Tompkins, 160 AD3d at 1191; Graham v Jones, 147 AD3d at 1371-1371; see also Restatement [Second] of Torts § 390). Moreover, the issue of proximate cause is generally more appropriately resolved by the trier of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312 [1980]). Further, although it is undisputed that plaintiff was the sole operator of the scissor lift, we find a question of fact also exists as to whether plaintiff's injuries were a foreseeable result of defendant's negligent entrustment of the lift to plaintiff (see Gonzalez v City of New York, 133 AD3d 65, 68 [2015]; Kelly v DiCerbo, 27 AD3d 1082, 1083-1084 [2006]).
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: CMC had obtained permission from defendant to use the lift to change the subject light bulbs.

Footnote 2: We find unpreserved for our review defendant's contention that a handwritten note submitted by plaintiff in opposition to its motion constituted inappropriate hearsay (see Tassone v Mid-Valley Oil Co., Inc., 5 AD3d 931, 933 [2004], lv denied 3 NY3d 608 [2004]). In any event, were said contention properly before us, we would find it to be without merit, as the note and the contents thereof were sufficiently corroborated by Reagle's deposition testimony (see Zupan v Price Chopper, 132 AD3d 1211, 1213-1214 [2015]).