Maguire v Upstate Auto, Inc. (2020 NY Slip Op 02226)





Maguire v Upstate Auto, Inc.


2020 NY Slip Op 02226


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528958

[*1]Debra A. Maguire, Individually and as Administrator of the Estate of Caitlin Marie Briggs, Deceased, Appellant,
v
Upstate Auto, Inc., Respondent.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Steven M. Melley, PLLC, Rhinebeck (Steven M. Melley of counsel), for appellant.
Burke Scolamiero & Hurd, LLP, Hudson (Steven V. DeBraccio of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered February 26, 2019 in Columbia County, which granted defendant's motion for summary judgment dismissing the complaint.
Defendant is a car dealership that, in 2015, had a Honda Silver Wing scooter displayed on its lot for sale. Although defendant's primary owner was reluctant to be involved in the sale of the scooter, the owner's father, who was defendant's prior owner and also volunteered as a salesperson for defendant, agreed to do so as a favor to a friend. The owner's father showed the scooter to a close family friend (hereinafter decedent) and arranged for a test drive of it. When decedent arrived at defendant, the owner, but not his father, was present. The owner told decedent that she had to wait for his father. Decedent nonetheless took the scooter for a test drive and subsequently died after being involved in an accident. Plaintiff, individually and as administrator of decedent's estate, commenced this action against defendant alleging, as relevant here, a cause of action for negligent entrustment. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court held that defendant established that it was not the owner of the scooter and granted the motion. Plaintiff appeals. We reverse.
"An owner of a motor vehicle . . . may be liable for negligent entrustment if he or she was negligent in entrusting it to one who he or she knew, or in the exercise of ordinary care should have known, was incompetent to operate it" (Perkins v City of Tompkins, 160 AD3d 1189, 1190 [2018] [internal quotation marks, brackets and citations omitted]; see Graham v Jones, 147 AD3d 1369, 1371 [2017]). The owner stated in an affidavit that neither his father nor defendant owned the scooter. Nevertheless, the scooter was displayed for sale on defendant's front lot and the owner stated in his deposition testimony that he would push the scooter from the garage to the lot each morning. The keys for the scooter would be in the scooter when it was on display in the lot and then was kept in a separate box behind the owner's desk when it was not on display. The helmet was likewise kept in the office of the owner's father. Viewing the foregoing evidence in the light most favorable to plaintiff, we conclude that a question of fact exists as to whether defendant exerted dominion and control over the scooter so as to be its owner (see Terranova v Waheed Brokerage, Inc., 78 AD3d 1040, 1040 [2010]; Dobson v Gioia, 39 AD3d 995, 999 [2007]). Although defendant also maintains that the owner's father was the only person responsible for dealing with the scooter and that the father was not its employee, the father nonetheless had an office at defendant and voluntarily sold cars for it on a daily basis. In view of this and taking into account that the scooter was displayed for sale on defendant's lot, the trier of fact must determine whether the owner's father was acting on behalf of defendant to sell the scooter.
Defendant alternatively argues that it did not have knowledge that decedent was incompetent to operate the scooter. The owner stated that he thought decedent had a motorcycle permit, but he did not confirm this fact with decedent nor did he inquire as to whether she knew how to drive the scooter. The owner also did not check decedent's driver's permit or have her sign anything prior to when she drove the scooter. Other than knowing that decedent had ridden a two-wheel Yamaha Enduro road bike in the past, the owner had never seen decedent operate a scooter prior to the accident. In view of this evidence, we find that there is an issue of fact regarding whether the owner should have known that decedent was incompetent to ride the scooter (see Perkins v County of Tompkins, 160 AD3d at 1191-1192; compare Monette v Trummer, 105 AD3d 1328, 1330-1331 [2013], affd 22 NY3d 944 [2013]).
Although defendant contends that decedent never had permission to take the scooter for a test drive, we find that this issue cannot be summarily resolved on this record. The owner testified that, when decedent arrived at defendant to take the scooter, he told her to wait for his father. The owner further stated in his affidavit that he did not give decedent permission to take the scooter. The owner, however, also admitted that, other than verbally telling decedent to wait for his father, he did not do anything else to try to stop decedent from taking the scooter. Indeed, when asked what he did when decedent walked into his father's office and took the helmet for the scooter, the owner responded, "Nothing." A customer who was with the owner when decedent arrived testified that it appeared that decedent did not take the scooter against the owner's will and that "it look[ed] like . . . there was some sort of agreement because she did go." In sum, because the record discloses a triable issue of fact as to whether the scooter was negligently entrusted to decedent, defendant's motion should have been denied (see Hull v Pike Co., 174 AD3d 1092, 1094 [2019]; Perkins v County of Tompkins, 160 AD3d at 1191-1192; Graham v Jones, 147 AD3d at 1371-1372; Kelly v DiCerbo, 27 AD3d 1082, 1083-1084 [2006]; compare Guay v Winner, 189 AD2d 1081, 1083 [1993]).
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.