Kornfeld v Zheng (2020 NY Slip Op 03732)





Kornfeld v Zheng


2020 NY Slip Op 03732


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11746 805309/18

[*1] Andi Lyn Kornfeld, Plaintiff-Respondent,
v
Chen Hua Zheng, et al., Defendants, Carmel Car and Limousine Service, Inc., Defendant-Appellant.


The Shanker Law Firm, P.C., New York (Steven J. Shanker of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered November 8, 2019, which, inter alia, denied the motion of defendant Carmel Car and Limousine Service, Inc. (Carmel) to dismiss the negligent hiring and negligent entrustment claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when defendant Zheng, a livery cab driver for defendant Carmel, struck her with his vehicle. Plaintiff alleges that Carmel is liable and asserts claims against it for negligent entrustment of a vehicle and negligent hiring, training and retention. Although the pleadings are to be afforded a liberal construction (Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiff failed to plead essential elements of those negligence claims, requiring dismissal (see Sheila C. v Povich, 11 AD3d 120, 129-130 [1st Dept 2004]).
An owner of a motor vehicle may be liable for negligent entrustment if it was negligent in entrusting it to a person it knew, or in exercise of ordinary care should have known, was not competent to operate it (see Perkins v County of Thompson, 160 AD3d 1189, 1190 [3d Dept 2018]; Graham v Jones, 147 AD3d 1369, 1371-1372 [4th Dept 2017]). Here, not only did plaintiff allege that Zheng owned the car, but she did not allege, even in a conclusory fashion, that Zheng was not competent to drive or that Carmel knew or should have known of such incompetence. Plaintiff's bare pleading of control by Carmel and the absence of any claim that Carmel knew or should have known of any incompetence, require dismissal of the claim.
The claim alleging negligent hiring, training and retention should also be dismissed because the complaint fails to allege that Zheng had a propensity to drive negligently, and that Carmel knew or should have known of such propensity when it retained him as a driver (see Sheila C. v Povich, 11 AD3d at 129-130; Gomez v City of New York, 304 AD2d 374 [1st Dept 2003]).
While plaintiff asserts that dismissal is premature, when opposing Carmel's motion, she did not make any additional submissions to cure the pleading deficiencies or to establish that additional discovery was necessary (Sheila C., 11 AD3d at 130; see CPLR 3211[d]). [*2]Furthermore, Carmel responded to her outstanding discovery demands concerning the factual bases for her negligence claims while the motion was pending, and plaintiff did not object to the adequacy of those responses.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK