Cabrera v Lincoln Sq. Condominium (2021 NY Slip Op 06434)





Cabrera v Lincoln Sq. Condominium


2021 NY Slip Op 06434


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 453205/15, 596031/18 Appeal No. 14655 Case No. 2021-00253 

[*1]Wilmer Cabrera, as Administrator of the Estate of Henry Esteban Salinas Cerrato, Deceased, Plaintiff-Respondent,
v
Lincoln Square Condominium, Defendant-Appellant-Respondent, United Parcel Service, Inc. et al., Defendant-Respondents-Appellants, Creative Christmas, Inc., Defendant, Altitude Equipment Rentals, LLC, Defendant-Respondent.
United Parcel Service, Inc., et al., Third-Party Plaintiffs-Respondents- Appellants,
v
Altitude Equipment Rentals, LLC, Third-Party Defendant-Respondent. [and another action]


Crafa & Sofield, P.C., Garden City (Joseph R. Crafa of counsel), for appellant-respondent.
Ansa Assuncao, LLP, White Plains (Thomas O. O'Connor of counsel), for respondents-appellants.
Dansker & Aspromonte Associates, New York (Raymond Maceira of counsel), for Wilmer Cabrera, respondent.
Haworth Barber & Gerstman, LLC, New York (Barry Gerstman of counsel), for Altitude Equipment Rentals, LLC, respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 21, 2020, which, to the extent appealed from as limited by the briefs, denied the summary judgment motions of defendants Lincoln Square Condominium (Lincoln Square), and United Parcel Service, Inc. (UPS) and Robert A. Kreitzer, Jr., and granted the summary judgment motion of defendant Altitude Equipment Rentals (Altitude), unanimously affirmed, without costs.
On November 5, 2013, plaintiff's decedent Henry Esteban Salinas Cerrato was working for defaulted defendant Creative Christmas, Inc., stringing holiday lights at the corner of Columbus Avenue and West 67th Street in Manhattan. Creative Christmas had been hired by defendant Lincoln Square to install the lights in 15 trees whose branches ranged in height from 6 feet to 20 feet. At approximately 1:30 a.m., decedent was with coworker Christian Baquedano in the raised orange bucket of a boom lift that had been leased to Creative Christmas by defendant Altitude. The boom was parked in the parking lane of Columbus Avenue, but the bucket extended over the westernmost lane of travel. Orange cones had been placed in the road, adjacent to the boom lift. At the same time decedent was working in the bucket, defendant Kreitzer, who was operating a tractor trailer owned by his employer, defendant UPS, in the southbound right travel lane of Columbus Avenue, struck the bucket. Decedent was thrown from the bucket.
The motion court correctly found that questions of fact existed as to whether defendant Kreitzer failed to see what he should have seen with proper use of his senses (see PJI 2:77.1; see also Bello v New York City Tr. Auth., 50 AD3d 511 [1st Dept 2008]). Defendant Kreitzer testified that he never saw the lift in the air and that he was in the process of changing lanes when his trailer struck the bucket. However, decedent's coworker testified that the orange bucket of the boom lift, in which he and decedent were standing, located over Kreitzer's lane of travel, was lit and observable (see Alomia v New York City Tr. Auth., 292 AD2d 403 [2d Dept 2002]). Questions of negligence on the part of Lincoln Square also bar summary resolution, where its contract with decedent's employer Creative Christmas provided that Lincoln Square was responsible to "provide location to park boom lift during installation and removal." Altitude, however, was entitled to summary judgment, as the lessor of the boom lift that exercised no supervision or control after it was delivered to Creative Christmas for use. Altitude made an unrebutted prima facie showing that it had no special knowledge concerning a characteristic or condition peculiar to Creative Christmas which rendered the use of the boom lift unreasonably dangerous (see Zara v Perzan, 185 AD2d 236 [2d Dept 1992]; see also Kornfeld v Chen Hua Zheng, 185 AD3d 420 [1st Dept 2020]).
The motion court also correctly denied those aspects of the motion of the UPS defendants seeking to dismiss plaintiff's [*2]wrongful death and conscious pain and suffering claims. The testimony of decedent's coworker concerning his knowledge of the impending accident coupled with expert testimony concerning the time that elapsed during that period sufficiently supports a claim of impending death and pre-accident suffering (see Matter of 91st St. Crane Collapse Litig., 154 AD3d 139 [1st Dept 2017]). In addition, questions of fact exist as to the level of decedent's consciousness after the accident, as documented in his hospital records. The UPS defendants' argument that plaintiff failed to adduce evidence that decedent offered pecuniary support to his children is wholly without merit in that the mothers of his children both provided affidavits as to such support. The valuation of such losses is thus a matter resting squarely within the province of the jury (see Parilis v Feinstein, 49 NY2d 984, 985 [1980]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021