Shepard v Power (2023 NY Slip Op 04330)

Shepard v Power

2023 NY Slip Op 04330

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07135
 (Index No. 8226/16)

[*1]Maria Shepard, etc., appellant, 
v
Michael Power, respondent.

McCartney Stucky, LLC, Rye, NY (Austin T. Osborn of counsel), for appellant.
Cuomo, LLC, Mineola, NY (Steven R. Engrassia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 14, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action alleging negligence and negligent entrustment, respectively, and so much of the fourth cause of action alleging wrongful death as is premised on negligence and negligent entrustment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action alleging negligence and negligent entrustment, respectively, and so much of the fourth cause of action alleging wrongful death as is premised on negligence and negligent entrustment are denied.
In August 2014, Samuel Shepard (hereinafter the decedent), who was 18 years old at the time, and his brother, nonparty Frank Shepard (hereinafter the decedent's brother), saw the defendant's 2010 Lamborghini in the parking lot of a bar in Suffolk County. Upon exiting the bar, the defendant saw the decedent and the decedent's brother, both of whom he knew previously, admiring the Lamborghini. Thereafter, the defendant permitted first the decedent's brother and then the decedent to drive the Lamborghini while the defendant was a passenger. While the decedent was driving, he lost control of the Lamborghini, which hit a guardrail, causing the decedent to be ejected from the Lamborghini and to sustain injuries from which he ultimately died.
The plaintiff, the decedent's mother, individually, and as administrator of the decedent's estate, commenced this action, asserting causes of action alleging negligence, negligent entrustment, vicarious liability predicated on Vehicle and Traffic Law § 388, and wrongful death. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss, inter alia, the third cause of action alleging vicarious liability predicated on Vehicle and Traffic Law § 388. The Supreme Court denied that branch of the defendant's motion, and in a prior appeal before this Court, we reversed so much of the Supreme Court's order as denied that branch of the defendant's motion upon our holding that Vehicle and Traffic Law § 388 does not permit a negligent driver, or the driver's estate, to recover damages against the owner of a vehicle who permitted another to drive the vehicle for injuries resulting from the driver's own negligence (see Shepard v Power, 190 AD3d 63, 65).
While the prior appeal was pending, the defendant moved for summary judgment dismissing the complaint. In support of his motion, the defendant submitted, inter alia, a report prepared by the plaintiff's expert, Neil Hannemann. In his report, Hannemann, an automotive engineer with experience in the design, development, testing, and operation of motor vehicles, opined, inter alia, that the defendant's Lamborghini was in a class of high-performance vehicles referred to as "supercars," and that such high-performance vehicles pose risks and dangers beyond those of other vehicles because, among other things, they can accelerate more quickly and achieve higher rates of speed. He further opined that, prior to entrusting such a vehicle to another, a reasonable owner would confirm that the individual had experience driving similar vehicles, would provide instruction and discuss limitations on the operation of the vehicle, and would require that the individual driving the vehicle obey speed limits and traffic laws.
The defendant also submitted a copy of the transcript from his deposition, wherein he testified, inter alia, that he had consumed approximately three alcoholic beverages while at the bar, did not know the decedent's driving experience, and did not ask the decedent if he had experience driving a car similar to the Lamborghini. According to the defendant's deposition testimony, when the decedent started to drive the Lamborghini, the defendant told him, "[i]t's just a car, and it only does what you make it do." The defendant further testified during his deposition that while the decedent was driving, the decedent switched the car to manual mode and used the paddle shifts on the steering wheel. Although the defendant testified that he raised his hand, intending to communicate to the decedent to slow down, he did not actually tell the decedent to slow down. The Lamborghini's speed may have reached up to 180 miles per hour right before the decedent lost control of it.
The plaintiff opposed the defendant's motion contending, inter alia, that the defendant's submissions raised triable issues of fact precluding summary judgment, and submitted, inter alia, an affidavit from Hannemann. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the first cause of action alleging negligence, the second cause of action alleging negligent entrustment, and so much of the fourth cause of action alleging wrongful death as is premised on negligence and negligent entrustment.
In order to prevail in a negligence action, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Ferreira v City of Binghamton, 38 NY3d 298, 308 [internal quotation marks omitted]; see Pasternack v Lab. Corp. of Am. Holdings, 27 NY3d 817, 825; Solomon v City of New York, 66 NY2d 1026, 1027). "[C]onduct is considered negligent when it tends to subject another to an unreasonable risk of harm arising from one or more particular foreseeable hazards" (Di Ponzio v Riordan, 89 NY2d 578, 584 [emphasis omitted]; see Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217). "The general duty of care in a negligence action requires an individual 'to use that degree of care that a reasonably prudent person would have used under the same circumstances'" (Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217, quoting PJI 2:10). Thus, in order to determine whether liability exists, a jury must compare the defendant's conduct to that of a reasonable person under like circumstances (see Reis v Volvo Cars of N. Am., 24 NY3d 35, 42; Borrerro v Haks Group, Inc., 165 AD3d at 1217).
Here, the defendant failed to establish his prima facie entitlement to summary judgment dismissing the plaintiff's cause of action alleging negligence. The defendant's submissions failed to eliminate triable issues of fact as to whether, under the circumstances presented, the defendant was negligent in permitting the 18-year-old decedent to drive the defendant's Lamborghini at a dangerously high rate of speed, thereby creating an unreasonable risk of harm that caused or contributed to the decedent's death.
"The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 237; see Stanley v Kelly, 208 [*2]AD3d 993, 995; Perkins v County of Tompkins, 160 AD3d 1189, 1190). To establish a cause of action under a theory of negligent entrustment, the defendant must either have some special knowledge concerning a characteristic or condition peculiar to the person to whom a particular chattel is given which renders that person's use of the chattel unreasonably dangerous, or some special knowledge as to a characteristic or defect peculiar to the chattel which renders it unreasonably dangerous (see Cook v Schapiro, 58 AD3d 664, 666). "An owner of a motor vehicle may be liable for negligent entrustment if [he or she] was negligent in entrusting it to a person [he or she] knew, or in exercise of ordinary care should have known, was not competent to operate it" (Kornfeld v Chen Hua Zheng, 185 AD3d 420, 420; see Perkins v County of Tompkins, 160 AD3d at 1190; Graham v Jones, 147 AD3d 1369, 1371).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent entrustment. Although the decedent's possession of a driver license is a factor to be considered, the defendant nevertheless failed to eliminate triable issues of fact as to whether he had special knowledge concerning a characteristic or condition peculiar to the decedent which rendered his use of the Lamborghini unreasonably dangerous (see Maguire v Upstate Auto, Inc., 182 AD3d 757, 758; Hull v Pike Co., 174 AD3d 1092, 1094; Perkins v County of Tompkins, 160 AD3d at 1192; Graham v Jones, 147 AD3d at 1371; Snyder v Kramer, 94 AD2d 860, 860, affd, 61 NY2d 961).
The parties' remaining contentions are without merit.
Since the defendant failed to establish his prima facie entitlement to summary judgment dismissing the plaintiff's causes of action alleging negligence and negligent entrustment, the Supreme Court erred in granting those branches of his motion which were for summary judgment dismissing the first and second causes of action alleging negligence and negligent entrustment, respectively, and so much of the fourth cause of action alleging wrongful death as is premised on negligence and negligent entrustment, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court